IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **LUZ CECILIA MENDEZ** *Plaintiff,* | § § § § § § § § | |
| **v.** | § § § § § § § § § | **CIVIL ACTION:** 5:22-cv-37 |
| **FAY SERVICING LLC,** *Defendant.* | | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant FAY SERVICING LLC removes this action from the 49ᵀᴴ DISTRICT COURT of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, LAREDO Division, as follows:

### I.  STATE COURT ACTION

1. On 5/02/2022 Plaintiff LUZ CECILIA MENDEZ (hereinafter "Plaintiff" or "MENDEZ") filed its live petition (hereinafter "the Petition") in the 49ᵀᴴ DISTRICT COURT of Hidalgo County, Texas styled *LUZ CECILIA MENDEZ VS., FAY SERVICING LLC* and bearing Cause No. 2022CVK000568D1.

2. In the State Court Action, Plaintiff seek injunctive and other relief seeking to prevent foreclosure of the property located at 505 CODORNIZ DR, LAREDO TX 78045 (the "Property").

## II.  PROCEDURAL REQUIREMENTS

3. This lawsuit was filed in the 49TH DISTRICT COURT of Hidalgo County, Texas, on 5/02/2022. Court records reflect that Defendant Fay Servicing LLC was served on 5/02/2022.

4. Removal is timely because thirty days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1).

5. Defendant FAY SERVICING LLC ("FAY") removes the State Court Action to this Court on the basis of diversity jurisdiction.

6. This action is properly removed to this Court, as the lawsuit is pending within the district and division.[1]

7. The United States District Court for the Southern District of Texas, LAREDO Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount.[2]

8. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR81, this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---|---|
| A | Civil Cover Sheet; |
| B | List of All Counsel of Record; |
| C | Index of Documents Filed in the State Court Action and Docket Sheet; |
| D | WEBB County Central Appraisal District Residential Account Detail Report for the Subject Property. |

---

[1] 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).
[2] 28 U.S.C. §§ 1331 and 1332(a).

9. Simultaneously with the filing of this Notice of Removal, Defendant FAY SERVICING LLC is filing a copy of the Notice of Removal in the 49TH DISTRICT COURT of Hidalgo County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.   DIVERSITY JURISDICTION

10. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

   A.   **DIVERSITY JURISDICTION**

11. The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

12. Upon information and belief, Plaintiff is resident of the State of Texas residing at 505 CODORNIZ DR, LAREDO TX 78045.[3]

13. Defendant FAY SERVICING, LLC is a single member limited liability company. A limited liability company's citizenship is determined by its members.[4] Defendant Fay Servicing has only one member, Fay Management, LLC, which is a Delaware limited liability company. Thus, Fay is a citizen of Delaware for diversity purposes.

14. Because Plaintiff is a citizen of Texas and Defendant FAY is not citizen of Texas, complete diversity exists between the parties.[5]

   B.   **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

---

[3] Pl's. Pet. ¶ II - Parties.
[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).
[5] 28 U.S.C. § 1332(c)(1).

15. Plaintiff seek from the court a finding that the attempted foreclosure sale of the Property. Plaintiffs also seek injunctive relief to maintain title to and possession of the Property.[6] In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation.[7] The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant.[8] Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[9] In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.[10] Therefore, the amount in controversy with respect to Plaintiff's claims is the fair market value of the property.

16. Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy.[11]

---

[6] Pl's Pet. ¶ PRAYER.
[7] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).
[8] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996).
[9] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). I
[10] *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547–48 (5th Cir. 1961)).
[11] *White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

17.     Given that Plaintiff seek declaratory relief to stay the foreclosure sale of the Property, the entire value of the Property is squarely at issue.[12] According to the WEBB County Appraisal District, the current assessed value of the Property is $248,449.00.[13]

18.     Additionally, Plaintiff seeks actual damages, economic damages, punitive damages and exemplary damages.[14] Although Defendant FAY will vehemently deny that Plaintiff is entitled to any declaratory relief, or damages, when these amounts, along with the value of the Property, are all included in the amount in controversy calculus, it is facially apparent that the value of the relief sought by Plaintiffs in this matter exceeds $75,000.00, exclusive of interest and costs.

19.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.     CONCLUSION

WHEREFORE, Defendant FAY SERVICING LLC removes this action from the 49TH DISTRICT COURT OF WEBB County, Texas to the United States District Court for the Southern District of Texas, LAREDO Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[12]  *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-548.
[13]  Exhibit D.
[14]  Pl's Pet. ¶ PRAYER.

*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES

  */s/ Travis H. Gray*
Travis H. Gray
SBN: 24044965
travis@jackoboyle.com
Chris S. Ferguson
SBN:  24068714
chris@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
*ATTORNEYS FOR DEFENDANT FAY SERVICING LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on May 11, 2022 to:

MARCEL C. NOTZON, III
SBN: 15119001
THE NOTZON LAW FIRM, PLLC
6999 MCPHERSON ROAD, SUITE 325
LAREDO, TX 78041
P: 956-717-1964
F: 956-717-2789
E: mcn@notzonlawfirm.com

*/s/ Travis H. Gray*
Travis H. Gray