UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUZ CECILIA MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:22-CV-37 |
| | § | |
| FAY SERVICING LLC, | § | |
| | § | |
| Defendant. | § | |

# ADVISORY

Plaintiff and Defendant have filed a joint stipulation to dismiss all Plaintiff's claims, without prejudice (Dkt. No. 7).[1] Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Dismissal under Rule 41(a)(1)(A) is subject to limitations in class action suits, shareholder derivative suits, and suits where the Court has appointed a receiver. Fed. R. Civ. P. 41(a)(1)(A). None of those limitations apply here. Thus, because the Stipulation is signed by all parties who have appeared, all of Plaintiff's claims against Defendant were dismissed without prejudice "automatically" upon the filing of the stipulation. *Defense Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citing *Nat'l City Golf Fin.*, 899 F.3d at 415–16 (5th Cir. 2018)).

---

[1] Plaintiff refers to the filing as a "notice of voluntary dismissal"—impliedly invoking Federal Rule of Civil Procedure 41(a)(1)(A)(i). However, such a notice is only operative if filed before the opposing party serves an answer, which the Defendant here has done. But because the filing is signed by all parties who have appeared in this matter, the Court construes it as a stipulation of dismissal under rule 41(a)(1)(A)(ii).

All relief not previously granted is hereby **DENIED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SIGNED** July 26, 2022.

Marina Garcia Marmolejo
United States District Judge

2